UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:20cv23343

DAVID JOACHIM and DENISE JOACHIM

Plaintiffs,

v.

CARNIVAL CORPORATION D/B/A
CARNIVAL CRUISE LINE,

Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, DAVID JOACHIM and DENISE JOACHIM, by and through the undersigned counsel, sues the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, and in further support thereof alleges as follows:

### FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for damages in excess of the sum of Seventy-Five Thousand ($75,000 .00) Dollars.

2.      At all times material herein, the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, was and is licensed to do business in the United States, and was otherwise the owner and operator in possession of a cruise ship, CARNIVAL VALOR, which sailed from the port of New Orleans. CARNIVAL CORPORATION has designated NRAI SERVICES, INC. located at 1200 South Pine Island Rd. Plantation, FL 33324 as its registered agent and has a principal place of business address located at 3655 NW 87th Ave. MLGL815, Miami, FL 33178.

3.      The Plaintiff, DAVID JOACHIM, is a bona fide resident of the State of Louisiana.

4.      The Plaintiff, DENISE JOACHIM, is a bona fide resident of the State of Louisiana.

5.      Jurisdiction is proper in the Federal Court of the United States, Southern District of Florida, insofar as diversity of citizenship exists between the Plaintiff, DAVID JOACHIM, a bona fide resident of the State of Louisiana  and the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, who has a principal place of business located at 3655 NW 87th Ave, MLGL815, Miami, FL 33178. Venue is proper as the undersigned counsel has a good faith belief that the United States Court for the Southern District of Florida is the forum chosen by Defendants by way of the CRUISE TICKET given to the Plaintiff, DAVID JOACHIM.   The Plaintiff is not in possession of such ticket and believes the Defendants are in the sole possession of said ticket at this time.

6.      On or about August 17th, 2019, the Plaintiff, DAVID JOACHIM, was a business invitee on the cruise ship owned and operated by the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, THE CARNIVAL VALOR.

7.      On or about August 17th, 2019, the Plaintiff, DAVID JOACHIM, was a business invitee on the foresaid cruise ship controlled or otherwise maintained by CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE.

8.      On or about August 17th, 2019, the Plaintiff, DAVID JOACHIM, was injured when his bunk collapsed throwing him to the ground and causing considerable personal injury.

9.      More specifically, on or about August 17th, 2019, Plaintiff, DAVID JOACHIM, was a guest passenger aboard the CARNIVAL VALOR. As plaintiff, DAVID JOACHIM sat on the bed in his cabin, when it suddenly and without warning collapsed giving way and causing Plaintiff, DAVID JOACHIM, to fall on the ground resulting in severe and debilitating personal injuries.

10.     The sole and proximate cause of the incident resulting from the injuries to Plaintiff, DAVID JOACHIM, is based on the Defendants failure to properly maintain its subject property on its cruise ship, the CARNIVAL VALOR, in a reasonably safe condition.

11.     As a result of the aforementioned, the plaintiff, DAVID JOACHIM, suffered severe and debilitating injuries, the damages for which need to be determined by this court and a jury at trial in the following particulars:

- Past present and future pain and suffering;
- Past present and future medical expenses;
- Mental anguish;
- Medical expenses;
- Permanent disability;
- Past present and future lost wages;
- Loss of future earning capacity;
- Loss of consortium with his wife;
- Attorney's fees and costs awardable as permissible under the pertinent law.

## COUNT I
## JOAQUIM and JOACHIM VS. CARNIVAL CORP D/B/A CARNIVAL CRUISE LINE

12.     At all times material hereto, the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE., had a duty to maintain the cabins where passengers of the CARNIVAL VALOR were staying during the course of their cruise in a  reasonably safe condition as well as to maintain the furniture and fixtures including, not limited to, the beds, in a reasonable state of repair. The Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE had a duty to properly maintain and provide a reasonably safe environment within the cabins in a proper state of repair.

13.     On or about August 17th, 2019, the time of Plaintiff's accident herein, the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, through its agents, servants or its employees, breached the duty of care owed to the Plaintiff, DAVID JOACHIM, in one or more of the following ways:

• Negligently maintained the bed in Plaintiff's, DAVID JOACHIM'S cabin, in functional order;

• Negligently failed to warn of any defects/deficiencies of the subject bed prior to plaintiff, DAVID JOACHIM, boarding the subject vessel;

• Failed to correct/or properly maintain the subject bed in the quarters assigned to Plaintiff, DAVID JOACHIM, in functional order so that it would not collapse while being used for the purposes thereof;

• Failed to properly inspect the subject bed in the quarters assigned to Plaintiff, DAVID JOACHIM, to determine the suitability of the subject bed for the purposes for which it was provided prior to assigning the subject quarters to Plaintiff, DAVID JOACHIM;

• Failed to properly repair the bed in the quarters assigned to Plaintiff, DAVID JOACHIM, in the quarters assigned to him for the purposes provided;

• Was otherwise negligent as discovery may reveal.

14.     At all times material hereto, the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, knew or in the exercise of reasonable care, should have known of the existence of the state of disrepair in the cabin assigned to Plaintiff, DAVID JOACHIM, for the purposes provided, including but not limited to the subject bed.

15.     The Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, by and through its agents, servants or employees, breached the duty owed to the

4

Plaintiff, DAVID JOACHIM, by failing to warn of the potential hazards and dangerous condition existing in the subject cabin; specifically, the bed for the purposes provided. Needless to say, the Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE failed to properly inspect and maintain the cabin assigned to Plaintiff, DAVID JOACHIM, which was in poor state of repair.

16.     As a direct and proximate result of the Defendant's negligence, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE,  the Plaintiff, DAVID JOACHIM , had the subject bed collapse under him as he sat unsafe, thereby suffering significant bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of a capacity of enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of previous existing condition. These losses are permanent and continuing and Plaintiff, DAVID JOACHIM, will suffer these losses into the future.

WHEREFORE, Plaintiff, DAVID JOACHIM and DENISE JOACHIM, respectfully requests that this court enter judgment in accordance with the above referenced against Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, and further demands trial by jury as of right.

### COUNT II LOSS OF CONSORTIUM

17.     The plaintiff restates and reasserts paragraph 1-11, and further states as follows;

18.     As a result of the aforementioned, the Plaintiff, DENISE JOACHIM, suffered a loss of consortium with her husband, Plaintiff, DAVID JOACHIM

19.     At all times material hereto the Plaintiff DAVID JOACHIM was continuously married to his wife DENISE JOACHIM.

20.     Said marriage between DAVID JOACHIM and DENISE JOACHIM is lawful and are legally husband and wife. At the time that Plaintiff, DAVID JOACHIM, suffered the subject injury consequent to the negligence alleged above, he was married to DENISE JOACHIM.

21.     As a direct and further proximate result of Defendant negligence as alleged above, Plaintiff, DENISE JOACHIM, has suffered permanent loss or diminution in her husband's society, comfort, services, and consortium.

22.     Furthermore, as a result of the above injuries to Plaintiff, DAVID JOACHIM, both he and his wife DENISE JOACHIM have and are suffering a loss of consortium.

WHEREFORE, Plaintiff, DAVID JOACHIM and DENISE JOACHIM, respectfully requests that this court enter judgment in accordance with the above referenced against Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE, and further demands trial by jury as of right.

## **DEMAND FOR JURY TRIAL**

The Plaintiffs, DAVID JOACHIM and DENISE JOACHIM, further demand trial by jury as to all issues triable as of right.

Dated this August 11th, 2020

**A to Z Injury Law, PLLC.**
*Counsel for Plaintiff*
9370 S.W. 72 Street Suite A-255
Miami, Florida 33173
Phone (305) 279-7280
rubenchavez@atozinjurylaw.com
lilyperez@atozinjurylaw.com
Michelle@lssmiami.com

BY:  /s/:  Ruben V. Chavez
RUBEN V. CHAVEZ.
FBN 0148822